# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

MAGDALINA KALINCHEVA,

               Plaintiff,

    v.

JESSE NEUBARTH,

               Defendant.

Case No. 1:14-cv-00351-EJL-CWD

**ORDER**

Before the Court in the above entitled matter is an Application filed by the Plaintiff, Magdalina Kalincheva, seeking leave to proceed in forma pauperis and a supporting Affidavit. (Dkt. 1, 14.)[1] The Court referred the motion to United States Chief Magistrate Judge Candy W. Dale who, on August 29, 2014, issued a Report and Recommendation ("Report"), recommending that the Court deny the same. (Dkt. 13, 16.) Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28

---

[1] Plaintiff has also filed several *Ex Parte* Motions. (Dkt. 4-10, 15.)

U.S.C. § 636(b)(1). Plaintiff has filed objections to the Report. (Dkt. 18.)[2] The matter is now

ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge." *See also*

Fed. R. Civ. P. 72(b). Where the parties object to a report and recommendation, this Court

"shall make a de novo determination of those portions of the report which objection is

made." *Id.* Where, however, no objections are filed the district court need not conduct a *de*

*novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court

interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge
> must review the magistrate judge's findings and recommendations de novo if
> objection is made, but not otherwise. As the *Peretz* Court instructed, "to the
> extent de novo review is required to satisfy Article III concerns, it need not be
> exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal
> citation omitted). Neither the Constitution nor the statute requires a district
> judge to review, de novo, findings and recommendations that the parties
> themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an
> objection or request for review by the defendant, the district court was not
> required to engage in any more formal review of the plea proceeding."); *see*
> *also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for
> Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 n.13 (9th Cir. 2005). Furthermore, to the

extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ.

P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days

---

[2] Since the Report was issued, the Plaintiff also filed a Notification of Complexity of Civil Case and Exhibit 24 – Special Circumstances Damages and Recent Refunds. (Dkt. 17, 19.)

of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, Plaintiff filed objections. Therefore, the Court has conducted a *de novo* review of those portions of the Report. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The Report concluded that the Application to Proceed In Forma Pauperis should be denied because both jurisdiction and venue are lacking. In her objections, Plaintiff argues the Report disregarded and omitted the legal standard applicable to certain of her claims, disregarded and omitted all facts, failed to consider the Amended Complaint and Ex Parte Motions, erroneously decided the jurisdiction and venue questions, and failed to toll the statute. (Dkt. 18.) The Court has reviewed the Report, the objections, and the entire record herein all in accordance with the standard stated above. Having done so the Court concludes that the Magistrate Judge's conclusions are well founded and consistent with this Court's own view of the record.

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915 which allows a court to authorize the commencement of a proceeding without payment of fees or security by "a person who submits an affidavit that includes a statement...that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit supporting an in

forma pauperis motion is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with the necessities of life. " *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Such averment must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted). Motions under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances. *Id.*

Based on a *de novo* review of the record, this Court agrees with the Report and finds the reasoning therein to be well founded in law and consistent with this Court's own view of the evidence in the record. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. For the reasons stated in the Report, this Court concludes that the claims raised in this action do not arise out of conduct occurring in Idaho or any basis upon which to assert personal jurisdiction over the parties in this matter. (Dkt. 16.) Further, venue is not proper in Idaho. (Dkt. 16.) Accordingly, the case must be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on August 29, 2014, (Dkt. 16), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED IN ITS ENTIRETY**. Accordingly, **IT**

**IS HEREBY ORDERED** as follows:

1) Plaintiff's Motions to Proceed In Forma Pauperis (Dkt. 1) is **MOOT**.

2) The case is **DISMISSED** without prejudice.

DATED: **September 16, 2014**

Honorable Edward J. Lodge
United States District Judge